## In re STROEDTER.
### Patent Appeal No. 3213.

Court of Customs and Patent Appeals.

Feb. 26, 1934.

Jennings Bailey, Jr., of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office for a patent on certain alleged improvements in the driving gear of reciprocating mechanism such as jiggers, shaking conveyors, and the like. But one claim is presented to us for consideration, the others having been canceled, or otherwise disposed of, in the Patent Office; no claim having been allowed. The claim at issue is numbered 20, and is as follows: "20. The combination with a vibrating support for handling material, of opposed supports, a crank shaft journalled on said supports, a second shaft journalled on said supports, a rocker arm therefor, the rocker arm of said second shaft being considerably longer than the crank arm of the first shaft, a rod connecting the crank arm to the end of the rocker arm, a second rocker arm on the second shaft, a pitman connected to the vibrating material support at one end and to the second rocker shaft, and a power shaft geared to the first shaft whereby the velocity cycle shown in Fig. 1 will be generated in the motion of the vibrating support."

Appellant's device is, as has been said, a system of gearing for reciprocating conveyors. The principle upon which it operates is thus described by appellant's counsel in his brief: "The invention relates to a drive mechanism for shaker conveyors. In devices of this type, loose material, such as broken coal, sand, gravel or other similar substance, is placed in a trough. This trough is moved slowly in one direction and then rapidly in the opposite direction. The inertia of the material being conveyed causes it to stand still during the rapid backward movement so that the trough moves under it. During the

forward movement the trough carries the material with it in the direction in which it is to be conveyed, and is then again jerked back suddenly to slide under the material. In this manner, the material is conveyed along in steps through the trough."

The operation of the device is briefly described as follows: A crank shaft and a second shaft are mounted on supports within a metal inclosing box-like structure. There is also within this structure a power shaft and accompanying gearing which move the crank shaft. The crank upon the crank shaft is pivotally attached to the lower end of a rocker by means of a connecting rod, frame-like in structure, and fitted with a wedge for tightening or adjusting the bearings upon the connecting rod adjacent to the crank and lower end of the aforesaid rocker. The length of this connecting rod, in relation to the radius of the crank, is, as is stated in the application, "the ratio of the crank radius to the length of the connecting rod should be smaller or at any rate not larger than 1 to 3.5." The rocker above mentioned is attached at its upper end by key to the second shaft, and the connecting rod is pivoted at the bottom of said rocker. The said second shaft projects out through the side of the box-like cover and on the projecting end is keyed a rocker arm. This rocker arm is pivotally attached to a pitman, which pitman extends diagonally upward and is attached to the conveyor by permanent pivotal attachment. Therefore, the action of the device, when in operation, is such that as the crank upon the crank shaft revolves, the connecting rod is pulled backward and pushed forward at varying rates of speed, and this, in turn, oscillates the rocker backward and forward, thus causing the external rocker arm to move the conveyor backward and forward, by means of the pitman, at varying rates of speed according to the proportions of the members of the gearing structure.

It is said by the appellant, and is conceded by the solicitor for the Patent Office, that the movement of the conveyor may be made by mathematical calculation to operate in any desired way, and that it is within the knowledge of one skilled in the art to accomplish this without difficulty; the mechanical operation of the device having been once completely disclosed. In other words, by computation and by adjustment of the lengths of the various members, the conveyor may be made to move as is desired.

In connection with the drawings attached to the appellant's application, a graphic curve of the velocity of the movement of the conveyor is shown as Figure 1. This discloses that the forward movement of the conveyor is slow and uniform until it reaches the point where the conveyor is drawn backward, at which point the curve rapidly and uniformly falls, and at the end of which said movement the advance of the conveyor is then made as before, slowly and uniformly. This, it will be observed, is stated in said claim 20 as a part of the description of the device. This, it is argued, while it may be a description of a function, is also necessary to a full disclosure of the nature of the device.

The single claim of the appellant was rejected by both tribunals in the Patent Office, on reference to Guionneau, No. 838982, of December 18, 1906, which, it is said, is a complete anticipation of appellant's device. Guionneau shows a device for an improvement in head motion "designed particularly for use in connection with concentrating-tables or similar devices, wherein it is essential that a reciprocating motion be imparted to the table." The inventor, in his specification, describes the results accomplished by his device by saying that its object is "to impart to the table an absolutely uniform accelerated motion during the forward stroke and uniformly-retarded motion during the return stroke." This he accomplishes by a mechanism briefly described as follows: Two shafts are mounted on supports, the first being a mainshaft to which power is applied by means of pulleys, and to one end of which power shaft is attached a wheel having a crank pin thereon, to which pin is attached an arm which projects toward the concentration table, and which arm is pivotally attached to a crank pin on a crank on the second or crank shaft. The central portion of this crank shaft is offset to a slight degree, in the center, to provide a crank which moves as an eccentric, and to which is movably connected a rod, the forward end of which passes loosely through an opening in a bearing plate which is secured to a crossbar upon the end of the table. An adjusting nut is upon the loose or forward end of this rod, and mounted between the back side of the crossbar and a U-shaped frame, on the front side of the crank shaft bearings is a spiral spring, surrounding said rod.

The operation of this device is as follows: As the rod operated by the eccentric crank is pushed forward, it permits the table to be shoved forward by the spiral spring aforesaid. The rod has no effect except to release the crossbar. When the eccentric draws the rod backward, by means of the adjusting nut

upon the front of the rod, the crossbar is pulled backward. In this way, the concentration table is reciprocated or jiggled back and forth rapidly, as the device operates. This apparatus is thought to be a complete anticipation by the Board of Appeals, and it is said that the claim of appellant will read directly upon it.

It is evident, from what has been said, that the devices shown by appellant and Guionneau are intended for different uses and accomplish different results. The device of appellant accomplishes new and useful results over anything disclosed by the prior art, as shown by the reference Guionneau.

The language of claim 20, here at issue, is, in part, "a pitman connected to the vibrating material support at one end and to the second rocker shaft." The appellant clearly shows such a connection by which connection every movement of the rocker shaft "j" is communicated to the conveyor. The movement throughout the entire train of gearing is positive and at all times controlled by the gearing and its attachments. This is not true in the Guionneau reference. As has been seen, the concentration table is moved through its forward motion by means of a spiral spring and the front end of the rocker arm, if it may be designated as such, is not connected with the conveyor or concentration table but moves freely through it. It does pull the table backward, it is true, but it does not do this because of an actual connection between the two as is the case in appellant's device.

Again, the examiner, in analyzing the structure of Guionneau, and attempting to read appellant's claim thereon, states that the language in appellant's claim, namely, "the rocker arm of said second shaft being considerably longer than the crank arm at the first shaft," is thus met in Guionneau: "The rocker arm, 16, is shown in Fig. 1 as being longer than the crank, 13." This statement evidently was approved by the Board of Appeals. However, on inspection of Guionneau's specification, it appears that his member, 13, is not a crank, but a crank pin, and it is not seen in what respect the length of this pin is material to the length of his rocker arm, 16.

If it be meant, however, that the crank arm or web of Guionneau's first or power shaft is shorter than his shown rocker arm upon his second shaft, it is probably true that, by careful measurements, this may be ascertained by his drawings. There is, however, nothing in his specification which recites or

alludes to this, and it is, therefore, thought to be an accidental showing only.

For the reasons assigned, it is the opinion of the court that the Board of Appeals was in error in rejecting appellant's claim 20 upon the reference Guionneau. It may be, as has been orally argued, that the art has long known of the method of operation of conveyors as disclosed by appellant. However, we, in this proceeding, are restricted to a consideration only of the point which is now before us, namely, that Guionneau anticipates the appellant's disclosure.

It will be noted that appellant's claim 20 recites, in part, "a pitman connected to the vibrating material support at one end and to the second rocker shaft." It is conceded by both counsel that this language should be "and to the second rocker arm," and the claim was considered as if it so read by the tribunals in the Patent Office. Upon return of the certificate herein to the Commissioner of Patents, an opportunity should be given to the applicant to move to amend his claim in this respect.

Inasmuch as we are of opinion that Guionneau is not a complete anticipation, it follows that the decision of the Board of Appeals should be, and it is, hereby reversed.

Reversed.